**U.S. DISTRICT COURT**
OFFICE OF THE CLERK
1100 COMMERCE ST., RM 1452
DALLAS, TX 75242

OFFICIAL BUSINESS

Cheyenne Miller #48818-177
BOP Forrest City FCI - Medium
PO Box 3000
Forrest City, AR 72336

**RETURN TO SENDER**
30 DAYS EXPIRED
INMATE NOT AT THIS INSTITUTION
NO AUTHORIZATION ON FILE
UNIDENTIFIABLE CONTENTS
UNABLE TO IDENTIFY INMATE



RECEIVED
JAN 24 2017
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS

NIXIE         402    40 1           0201/17/17
         RETURN TO SENDER
    NOT DELIVERABLE AS ADDRESSED
         UNABLE TO FORWARD
BC: 75242131052       2047N017214-02361



**U.S. District Court for the Northern District of Texas**
**Instructions to a Prisoner *Pro Se* Plaintiff**

Your suit <u>MILLER V. USA</u> was filed on <u>1/4/2017</u> and has been assigned to the Honorable Jane J. Boyle, case number <u>3:17-cv-00032-B-BK</u>.

These instructions do not include everything you need to know to pursue your case, but following them may help you avoid common mistakes that can result in delay or other consequences—including dismissal of your case.

1. **Filing Procedures** – The Local Civil Rules include the following requirements:

    ♦ You must submit a judge's copy (a paper copy) of any document you file. If you want a file-stamped copy returned to you, submit the original, the judge's copy, and an extra copy to be returned to you, and provide a self-addressed, postage-paid envelope. The clerk cannot make an extra copy for you unless you first pay a fee of 50 cents per page.

    ♦ You must type or legibly handwrite your documents on one side of numbered pages. Any exhibit or discovery material attached to the filing must be referred to in the filing. Any exhibit or discovery material not referred to in your filing or not attached to your filing may be returned to you.

2. **Address Change** – You must notify the Court if your address changes, or your case may be dismissed. Promptly file a written change of address notice in your case.

3. **Rules to Follow** – You must read and follow the Court's Local Civil Rules and the Federal Rules of Civil Procedure. Because the presiding judge is authorized to change how certain rules apply, you must read and follow the judge's orders in your case.

4. **Request for Attorney** – In a civil case, you generally are not entitled to a court-appointed attorney to represent you without cost to you. If you request a court-appointed attorney, a judge will decide whether to appoint an attorney depending on the circumstances of the case. Even if the court decides to appoint an attorney, the attorney cannot be forced to accept the appointment. You may call the Lawyer Referral Service of the State Bar of Texas at (800) 252-9690 for assistance in securing the services of a private attorney to represent you for a fee.

5. **Initial Case Review** – If the Court grants leave to proceed in forma pauperis, service of process will be withheld pending review of your complaint, and your complaint may be dismissed pursuant to 28 U.S.C. § 1915(e)(2).

6. **Copies to Defendant** – After a defendant has been served your complaint, you must serve a copy of any other document you file upon the defendant's attorney (or upon the defendant, if the defendant is pro se). You must serve the opposing side by mail or another manner authorized by Fed. R. Civ. P. 5 (b)(2). All documents must contain a Certificate of Service reflecting that you served the opposing side. This is an example of language you may use:

    ♦ I hereby certify that on <u>(Date)</u> , I forwarded a copy of the foregoing document to _____, the attorney for (Defendant) at the address of _____.

    /Signature/

7. **Discovery Materials** – Do not file discovery materials with the clerk. If you file a motion to compel discovery, you may attach only the portions of discovery that are relevant to your motion.

8. **Questions About Your Case** – Do not write letters to the judge asking questions about your case – all communication with the judge should be through filings. Do not write letters to the clerk asking for instructions on how to handle your case, since the clerk is prohibited from giving legal advice.

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § § | |
| v. | § § | Criminal No. 3:14-CR-367-B-1 |
| CHEYENNE MILLER, #48818-177,<br>Defendant. | § § § | |

## ORDER

Before the Court is Defendant's December 8, 2016 letter seeking the appointment of counsel and the requisite form to litigate a 28 U.S.C. § 2255 motion under *Johnson v. United States*, ___ U.S. ___, 135 S. Ct. 2551, 2563 (2015). *See also United States v. Welch*, --- U.S. ---, 136 S. Ct. 1257 (2016) (holding Johnson is retroactively applicable to cases on collateral review).

Defendant's motion to appoint counsel [Doc. 3116] is **DENIED WITHOUT PREJUDICE**. Generally, a defendant is not entitled to appointment of counsel in a collateral proceeding under § 2255. Moreover, a review of the docket sheet reflects that Mr. Ezekiel Tyson's representation ended with the entry of the judgment of conviction.

However, to the extent Defendant seeks to collaterally challenge his underlying criminal conviction on constitutional or jurisdictional grounds, his motion is liberally construed as a first motion to vacate, set aside, or correct sentence under 28 U.S.C. § 2255. Defendant is cautioned in accordance with *Castro v. United States*, 540 U.S. 375 (2003), that when a district court recharacterizes a pro se litigant's pleadings as a first motion to vacate it "must notify . . . the litigant that this recharacterization means that any subsequent § 2255 motion will be subject to the restrictions on 'second or successive' motions, and provide the litigant an opportunity to withdraw the motion or to amend it so that it contains all the § 2255 claims he has. *Id.* at 383. In the event

the district court fails to issue the above warning, the Supreme Court stated that 'the motion cannot be considered to have become a § 2255 motion for purposes of applying to later motions the law's 'second or successive' restrictions." *Id.*

Accordingly, Defendant's letter request to appoint counsel is **construed** as a first motion to vacate, set aside, or correct sentence under 28 U.S.C. § 2255, which the Clerk of the Court is **directed** to file in a separate action (NOS 510, directly assigned to the same district judge and magistrate judge as the criminal case).

Defendant is **GRANTED** until January 20, 2017, to either WITHDRAW the pleading filed on December 8, 2016, recharacterized as a first section 2255 motion, or to AMEND the same (in the newly opened case, using the enclosed form), so that it contains all claims that Defendant wishes to raise with respect to his conviction in Case No. 3:14-CR-367-B. Defendant is cautioned that he must include in the section 2255 motion all grounds for relief from the conviction or sentence that he is challenging. If Defendant fails to set forth all grounds in the section 2255 motion, he may be barred from presenting additional grounds at a later date. *Failure to comply with this Order may result in the dismissal of the section 2255 case pursuant to Federal Rule of Civil Procedure 41(b).*

The Clerk of the Court is **directed** to provide to Defendant, with service of this Order, a standard form motion for cases filed under 28 U.S.C. § 2255.

SO ORDERED.

Signed this 4th day of January, 2017

JANE J. BOYLE
UNITED STATES DISTRICT JUDGE.

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF TEXAS

MOTION UNDER 28 U.S.C. SECTION 2255,
TO VACATE, SET ASIDE, OR CORRECT SENTENCE BY A
<u>PERSON IN FEDERAL CUSTODY</u>

| | |
|---|---|
| UNITED STATES OF AMERICA | BOP Forrest City FCI - Medium |
| | PLACE OF CONFINEMENT |
| vs. | #48818-177 |
| | PRISONER ID NUMBER |
| Cheyenne Miller | 3:14-cr-00367-B (16) |
| MOVANT (full name of movant) | CRIMINAL CASE NUMBER |

3:17-cv-00032-B

(If a movant has a sentence to be served in the future under a federal judgment which he wishes to attack, he should file a motion in the federal court which entered the judgment.)

---

## INSTRUCTIONS - READ CAREFULLY

1. This motion must be legibly handwritten or typewritten, and signed by the movant under penalty of perjury. Any false statement of a material fact may serve as the basis for prosecution and conviction for perjury. All questions must be answered concisely in the proper space on the form.

2. Additional pages are not permitted except with respect to the facts which you rely upon to support your grounds for relief. No citation of authorities needs to be furnished. If briefs or arguments are submitted, they should be submitted in the form of a separate memorandum.

3. Upon receipt, your motion will be filed if it is in proper order. No fee is required with this motion.

4.  If you do not have the necessary funds for transcripts, counsel, appeal, and other costs connected with a motion of this type, you may request permission to proceed *in forma pauperis*, in which event you must execute the declaration provided with this motion, setting forth information establishing your inability to prepay the fees and costs or give security therefor. If you wish to proceed *in forma pauperis*, you must have an authorized officer at the penal institution complete the certificate as to the amount of money and securities on deposit to your credit in any account in the institution.

5.  Only judgments entered by one court may be challenged in a single motion. If you seek to challenge judgments entered by different judges or divisions either in the same district or in different districts, you must file separate motions as to each such judgment.

6.  Your attention is directed to the fact that you must include all grounds for relief and all facts supporting such grounds for relief in the motion you file seeking relief from any judgment of conviction.

7.  When the motion is fully completed, <u>the original and two copies</u> must be mailed to the Clerk of the United States District Court for the Northern District of Texas at the appropriate divisional office whose address is:

<u>Abilene Division</u>  
P.O. Box 1218  
Abilene, TX 79604

<u>Amarillo Division</u>  
205 E. 5th St, Rm 133  
Amarillo, TX 79101

<u>Dallas Division</u>  
1100 Commerce, Rm 1452  
Dallas, TX 75242

<u>Fort Worth Division</u>  
501 W. 10th St, Rm 310  
Fort Worth, TX 76102

<u>Lubbock Division</u>  
1205 Texas Ave., Rm 209  
Lubbock, TX 79401

<u>San Angelo Division</u>  
33 East Twohig St, Rm 202  
San Angelo, TX 76903

<u>Wichita Falls Division</u>  
P.O. Box 1234  
Wichita Falls, TX 76307

8.  Motions which do not conform to these instructions will be returned with a notation as to the deficiency.

# MOTION

1. Name and location of court that entered the judgment of conviction you are challenging:

2. Date of the judgment of conviction:

3. Length of sentence: _____

4. Nature of offense involved (all counts):

5. (a) What was your plea? (Check one)

   Not guilty ☐     Guilty ☐     Nolo contendere (no contest) ☐

   (b) If you entered a guilty plea to one count or indictment, and a not guilty plea to another count or
   or indictment, what did you plead guilty to and what did you plead not guilty to?

6. If you went to trial, what kind of trial did you have? (Check one)   Jury ☐     Judge Only ☐
7. Did you testify at the trial? (Check one)                            Yes ☐     No ☐
8. Did you appeal from the judgment of conviction? (Check one)          Yes ☐     No ☐
9. If you did appeal, answer the following:

   Name of Court: _____

   Result: _____

   Date of result: _____

10. Other than a direct appeal from the judgment of conviction and sentence, have you previously filed any petitions, applications, or motions with respect to this judgment in any federal court?

   Yes ☐    No ☐

11. If your answer to 10 was "Yes" give the following information:

   Name of Court: _____

   Nature of proceeding:
   
   [                                                      ]

   Grounds raised:

   [                                                      ]

   Did you receive an evidentiary hearing on your petition, application or motion?
   Yes ☐    No ☐

   Result: _____

   Date of result: _____


   As to any *second* petition, application or motion, give the same information:

   Name of Court: _____

   Nature of proceeding:

   [                                                      ]

   Grounds raised:

   [                                                      ]

   Did you receive an evidentiary hearing on your petition, application or motion?
   Yes ☐    No ☐

   Result: _____

   Date of result: _____

As to any *third* petition, application or motion, give the same information:

Name of Court: _____

Nature of proceeding: _____

Grounds raised:

Did you receive an evidentiary hearing on your petition, application or motion?

Yes ☐    No ☐

Result: _____

Date of result: _____

Did you appeal to an appellate federal court having jurisdiction, the result of action taken on any petition, application or motion?

| | | |
|---|---|---|
| First petition, etc. | Yes ☐ | No ☐ |
| Second petition, etc. | Yes ☐ | No ☐ |
| Third petition, etc. | Yes ☐ | No ☐ |

If you did not <u>appeal</u> from the adverse action on any petition, application or motion, explain briefly why you did not:

12. State <u>concisely</u> every ground on which you claim that you are being held unlawfully. Summarize <u>briefly</u> the facts supporting each ground. If necessary, you may attach pages stating additional grounds and facts supporting same.

>    **CAUTION:** If you fail to set forth all grounds in this motion, you may be barred from presenting additional grounds at a later date.

For your information, the following is a list of the most frequently raised grounds for relief in these proceedings. Each statement preceded by a letter constitutes a separate ground for possible relief. You may raise any grounds which you may have other than those listed. However, you <u>should raise in this petition all available grounds</u> (relating to this conviction) on which you based your allegations that you are being held in custody unlawfully.

<u>DO NOT CHECK ANY OF THESE LISTED GROUNDS.</u> If you select one or more of these grounds for relief, you must allege facts. The motion will be returned to you if you merely check (a) through (j) or any of these grounds.

- (a)  Conviction obtained by plea of guilty which was unlawfully induced or not made voluntarily or with understanding of the nature of the charge and the consequences of the plea.

- (b)  Conviction obtained by use of coerced confession.

- (c)  Conviction obtained by use of evidence gained pursuant to an unconstitutional search and seizure.

- (d)  Conviction obtained by use of evidence obtained pursuant to an unlawful arrest.

- (e)  Conviction obtained by a violation of the privilege against self-incrimination.

- (f)  Conviction obtained by the unconstitutional failure of the prosecution to disclose to the defendant evidence favorable to the defendant.

- (g)  Conviction obtained by a violation of the protection against double jeopardy.

- (h)  Conviction obtained by action of a grand or petit jury which was unconstitutionally selected and impaneled.

- (i)  Denial of effective assistance of counsel.

- (j)  Denial of right to appeal.

A. Ground One:

Supporting FACTS (tell your story briefly without citing cases or law):

B. Ground Two:

Supporting FACTS (tell your story briefly without citing cases or law):

C. Ground Three:

Supporting FACTS (tell your story briefly without citing cases or law):

D. Ground Four:

Supporting FACTS (tell your story briefly without citing cases or law):

13. If any of the grounds listed in 12A, B, C, and D were not previously presented, state briefly what grounds were not so presented, and give your reasons for not presenting them:

14. Do you have any petition or appeal now pending in any court as to the judgment under attack?
    Yes ☐    No ☐

15. Give the name and address, if known, of each attorney who represented you in the following stages of the judgment attacked herein:

    (a) At preliminary hearing:

(b) At arraignment and plea:

(c) At trial:

(d) At sentencing:

(e) On appeal

(f) In any post-conviction proceeding:

(g) On appeal from any adverse ruling in a post-conviction proceeding:

16. Were you sentenced on more than one count of an indictment, or on more than one indictment, in the same court and at approximately the same time?

    Yes ☐     No ☐

17. Do you have any future sentence to serve after you complete the sentence imposed by the judgment under attack?

    Yes ☐     No ☐

    (a) If so, give name and location of court which imposed sentence to be served in the future:

    

    (b) And give date and length of sentence to be served in the future:

    

    (c) Have you filed, or do you contemplate filing, any petition attacking the judgment which imposed the sentence to be served in the future?

       Yes ☐     No ☐

       Wherefore, movant prays that the Court grant petitioner relief to which he may be entitled in this proceeding.

                                                    _____
                                                    Signature

                                                    _____
                                                    Firm Name (if any)

                                                    _____
                                                    Address

                                                    _____
                                                    City, State & Zip Code

                                                    _____
                                                    Telephone (including area code)

       I declare (or certify, verify, or state) under penalty of perjury that the foregoing is true and correct. Executed on _____ (date).